The State *v.* Henderson.

## THE STATE *v.* JOHN HENDERSON.

1. COSTS. *Justice's fee for issuance of subpœna.* A justice of the peace is allowed in criminal cases twenty-five cents for subpœnaing a single witness, and five for each additional witness.

2. SAME. *Sheriff's fee for arrest. Justice's warrant.* A sheriff or constable is allowed for arresting prisoners in another county upon a justice's warrant, fifteen cents per mile, guarding to place of trial or county jail, no expense of prisoner being allowed.

3. SAME. *Clerk's fees.* No fee is allowed clerks for copying bills of costs upon the minutes of the court.

### FROM KNOX.

Appeal in error from the Criminal Court of Knox county.    M. L. HALL, J.

ATTORNEY-GENERAL LEA for the State.

W. L. LEDGERWOOD and S. R. ROGERS for Henderson.

DEADERICK, C. J., delivered the opinion of the court.

This case was brought by appeal of the Attorney-General on behalf of the State, to this court, from the action of the judge of the criminal court, upon a motion to re-tax costs.

His Honor allowed the justice of the peace twenty-five cents instead of ten cents allowed by the clerk, for the first name in the subpœna.

Thompson & Steger's Code, section 4549, sub-sections 3 and 4, allow a justice of the peace, in civil cases, for issuing a subpœna for one witness, ten cents, and

for each additional witness, five cents.    Section 4550, after specifying the fees to be allowed for certain services of a justice of the peace in criminal cases, by sub-section 8, allows for any other services by the justice, the "same fees allowed" for similar services in civil cases.

The fees allowed in the preceding seven sections specified, were such, for the most part, as are peculiar to a criminal prosecution; and the eighth sub-section, without further specification of such fees, provides for others not named, by providing that the justice shall receive for any other services required of him in criminal cases, the same fees allowed him for similar services in civil cases.    Summoning witnesses is a service of this kind.    It is not specified in the list of the justices' fees in criminal cases, but it is named in the list of fees he is allowed in civil cases. So it has been uniformly the practice to allow him the same fee in civil and criminal cases for subpœnas for witnesses.

That fee was increased by the act of 1871, in civil cases, to twenty-five cents for a single witness, and five cents for each additional witness.    By the second section of the same act the Legislature did make a change in the justices' fees for a judgment in criminal cases, reducing it as specified in section 3 of sub-section 4550, of the Code, from seventy-five cents to fifty cents.    But no alteration or modification of sub-section 8 of said section is made, and the general provision in cases not specified, that the same fees shall be allowed for any other services required

by law in criminal cases, as are allowed for similar services in civil cases, is left in full force and operation.

We think the obvious purpose of the Legislature was to allow the same fees for similar service in civil and criminal cases. And whatever may be the fee in civil cases at the time the service is performed, determines the amount of the fee in criminal cases for similar services. There is nothing in the language of sub-section 8 to restrict the fee in criminal cases to the fee allowed in civil cases, at the time of its enactment. On the contrary, the purpose, we think, to preserve the uniformity of compensation for substantially the same service.

The holding of his Honor was therefore correct, as to this charge.

It is objected by the Attorney-General that the allowance to the officer of fifteen cents per mile for going after and returning with the prisoner arrested in another county, is unauthorized by law. This court held, in 1878, in the unreported case of the *State* v. *Eaton*, when the officer went to Chattanooga from Knoxville, and arrested and returned with the prisoner, that under section 4564, old Code, sub-sections 31 and 33, that the officer was entitled to ten cents per mile, but disallowed the charge of five cents per mile for the transportation of the prisoner.

Sub-section 31 provides that the officer shall, "for removing any criminal from one county to another, per mile, going and returning, ten cents." And section 33, "for carrying prisoner arrested on capias from

one jail to another, per mile, as above, ten cents." It was held these provisions would cover the service required to be performed by the officer. If not, no compensation was provided for a service required and which might involve very considerable expenditure of money by the officer.

Probably because of the omission in the statutes of any provision for the transportation of the prisoner, the act of March 23, 1885, was passed. That act provides, "that sheriffs and constables shall be allowed to demand and receive in addition to what is already allowed for arresting prisoners on a justice's warrant, in any other county, and guarding to place of trial or county jail, five cents per mile," etc.

The Legislature obviously supposed that a suitable fee to the officer was "already allowed," and the five cents additional was intended to pay the expenses of the prisoner. This allowance of fifteen cents is therefore correct.

The only other exception taken to the action of his Honor, by the Attorney-General, is to the allowance of ten cents per hundred words for copying bills of costs on the record or minutes of the court. In support of this ruling by his Honor, we are referred to section 5301, sub-section 35, and section 6442, M. & V. Code.

By sub-section 35 of section 5301, the clerk is entitled, "for copies of any pleading, papers and proceedings in a cause, per one hundred words," to ten cents, from the person to whom, or for whom, they are furnished. But there is no statute requiring him

to copy a bill of costs upon the minutes of the court before judgment that county or State shall pay them. But the statute does require that the clerk shall make entries upon his execution docket showing when an execution issues; to what county and office; the return, and its date; the amount received and paid out thereon, and when; and these entries of transactions are to be made at the time of their occurrence. They are original entries upon the execution docket, and not copies.

But section 6442 of the Code does provide that the costs chargeable to the State or county, in criminal cases, shall be made out so as to show the specific items and be examined, entered of record and certified to be correct by the judge and district attorney. And the next section provides that a copy of the judgment and bill of costs, certified as directed, shall be presented to the Comptroller for his warrant, etc.

These proceedings are had when the defendant is insolvent and the costs cannot be made off him. And by section 5310, a fee is allowed the clerk of seventy-five cents for entering a judgment against the State or the county, when the defendant is shown, by execution, to be insolvent. So, if the service was performed before the State was adjudged to be chargeable with said costs, there is no statute requiring its entry and no fee provided for such service, and this we understand to be the case. In this respect the judgment of the court below will be modified, and in all other respects affirmed.